Appellant=s Motion for Rehearing Overruled; Opinion of January 24, 2008,
Withdrawn; Dismissed and Substitute Memorandum Opinion filed July 17, 2008








 

Appellant=s Motion for Rehearing Overruled; Opinion of January
24, 2008, Withdrawn; Dismissed and Substitute Memorandum Opinion filed July 17,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00530-CV

____________

 

IN RE KERRY BEAL

 

 

 



 

On Appeal from the
295th District Court

Harris County, Texas

Trial Court Cause No.
2004-32042

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed March
21, 2007.  No timely post-judgment motions were filed.  Appellant=s notice of appeal
was filed June 22, 2007.

The notice of appeal must be filed within thirty days after
the judgment is signed when appellant has not filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for findings
of fact and conclusion of law.  See Tex.
R. App. P. 26.1.








Appellant=s notice of appeal was not filed timely. A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen-day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617-18 (Tex. 1997) (construing the predecessor to Rule 26).  However, the
appellant must offer a reasonable explanation for failing to file the notice of
appeal in a timely manner.  See Tex.
R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959 S.W.2d at 617-18. 
Appellant=s notice of appeal was not filed within the
fifteen-day period provided by rule 26.3

On December 10, 2007, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of
jurisdiction.  See Tex. R. App.
P. 42.3(a).  Appellant=s response failed to demonstrate that this
Court has jurisdiction to entertain the appeal.

After our original opinion issued on January 24, 2008,
dismissing the appeal for lack of jurisdiction, appellant filed a motion for
rehearing.  Appellant complains on rehearing that he filed a motion for new
trial and mailed it on May 26, 2007.  To be timely, a motion for new trial must
be filed within thirty days after the judgment is signed.  See Tex. R. App. P. 26.1.  The record shows
that appellant=s motion for new trial, filed on June 4, 2007, was not
timely filed.

Appellant also claims the deadline for perfecting his
appeal was extended by a request for findings of fact and conclusions of law. 
The record indicates appellant=s request for findings of fact and
conclusions of law was filed on April 23, 2007.  A request for findings and
conclusions only extends the date for perfection if findings and conclusions
are required by the rules of civil procedure or could properly be considered by
the appellate court.  Tex. R. App. P. 26.1(a)(4). 
Under the rules of civil procedure, findings and conclusions are required when
a party requests them within twenty days after judgment is signed in a case
tried without a jury.  Tex. R. Civ. P. 296. 
Appellant=s request was not filed within twenty days after the
signing of the judgment. 








Appellant claims in his motion for new trial that he mailed
his motion for new trial on May 26, 2007, and his request for findings on April
5, 2007.  Even if these documents were mailed on the dates appellant claims,
the motion and request would be considered untimely because neither was
received in time to fit within the parameters of the mailbox rule.  According
to the mailbox rule, a document received within ten days after the filing
deadline is considered timely filed if it was sent to the proper clerk by U.S.
Postal Service.  Tex. R. App. P. 9.2(b)(1). 
Appellant claims his motion for new trial was mailed on May 26, 2007, but it
was due on April 20, 2007.  The motion for new trial was filed on June 4, 2007,
a date not within ten days after the filing deadline of April 20, 2007.

Appellant claims he mailed his request for findings and
conclusions on April 5, 2007. The request for findings was not file-stamped
until April 23, 2007, but it was due on April 10, 2007 (20 days after the
judgment was signed).  Thus, the request was not received within ten days of
the filing deadline of April 10, 2007.  Because it was not timely filed,
appellant=s request for findings of fact and conclusions of law
did not extend the deadline to file the notice of appeal.

Because appellant did not file any timely post-judgment
motions, the notice of appeal was due thirty days after judgment was signed. 
Appellant filed his notice of appeal on June 22, 2007, ninety-two days after
the judgment was signed.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Substitute
Memorandum Opinion filed July 17, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.